UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

    Plaintiff,

v.                                          Case No: 8:17-cv-1755-T-23JSS

MIDSTATE CONTRACTORS, INC.,
ROBERT GONZALEZ and UNKNOWN
EXECUTOR OF ESTATE OF STACEY
GONZALEZ,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO AMEND

THIS MATTER is before the Court on Plaintiff's Motion for Leave of Court to File First Amended Complaint ("Motion"). (Dkt. 23.) Plaintiff moves to file an amended complaint to remove the "Unknown Executor of Estate of Stacey Gonzalez" as a Defendant from this action. For the reasons that follow, Plaintiff's Motion is granted.

### BACKGROUND

On July 20, 2017, Plaintiff filed its Complaint, alleging specific performance of an indemnity agreement, breach of an indemnity agreement, and common law indemnity against all Defendants and asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. 1.) On September 26, 2017, Plaintiff moved for an entry of Clerk's default as to Midstate Contractors, Inc. and Robert Gonzalez. (Dkt. 11.) The Clerk of Court subsequently entered defaults against both Defendants on September 27, 2017. (Dkts. 12–13.) On December 5, 2017, the Court granted Plaintiff's request for an extension of time to serve the Unknown Executor of the Estate of Stacey Gonzalez. (Dkt. 15.) Plaintiff later sought to substitute Shari Mormon as Executor of the Estate

of Stacey Gonzalez in place of the "Unknown Executor." (Dkt. 17.) Plaintiff had reason to believe that Shari Mormon was the sister of decedent as Ms. Mormon stated that she was the Executor of the Estate of Stacey Gonzalez and accepted service as the Executor of the Estate. (Dkts. 16, 23 at 2.) However, Plaintiff now states that "there has been no confirmation of that factual assertion from Ms. Mormon with Florida's probate courts for the counties of Pasco, Pinellas, or Hillsborough." (Dkt. 23 at 2.) Further, Plaintiff has not received any notice of any estate from either Robert Gonzalez, the surviving spouse, or Shari Mormon as required by Florida Statute § 733.2121. (*Id*.) Thus, Plaintiff has concluded that no estate exists for Stacey Gonzalez. (*Id*.) Plaintiff now seeks leave of Court to amend its Complaint in order to remove the Unknown Executor of Estate of Stacey Gonzalez from this action and proceed against the remaining Defendants. (*Id*. at 3.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once within a short time after the filing of responsive pleadings, and after that, 'only with the opposing party's written consent or the court's leave,' which '[t]he court should freely give . . . when justice so requires.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). Because the purpose of Rule 15(a) is to "allow parties to have their claims heard on the merits," leave to amend should be liberally granted "when the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Id.* (internal quotation and citation omitted). However, a motion for leave to amend may appropriately be denied for the following reasons: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue

prejudice to the opposing party; or (3) amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

## ANALYSIS

In this case, Plaintiff moves to amend its Complaint for the first time, and asserts that the only difference between the original Complaint and the amended complaint will be the absence of the "Unknown Executor of Estate of Stacey Gonzalez" as a Defendant. (Dkt. 23.) Thus, the amended complaint will not contain a new claim for relief against the defaulted Defendants. Further, there is no indication that leave to amend is sought based on bad faith or that the amendment would cause undue prejudice to Defendants. *See Bryant*, 252 F.3d at 1163.

Plaintiff also asks the Court to disallow Defendants Robert Gonzalez and Midstate Contractors, Inc. an opportunity to file a responsive pleading without first asking leave to do so. (Dkt. 23 at 4.) The Clerk of Court has entered defaults against Robert Gonzalez and Midstate Contractors, Inc. (Dkts. 12–13.) After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default). Thus, Robert Gonzalez and Midstate Contractors, Inc. must move to set aside the defaults in order to file a responsive pleading. *See* Fed. R. Civ. P. 55(c). Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Leave of Court to File First Amended Complaint (Dkt. 23) is **GRANTED**.

2. Plaintiff shall file its Amended Complaint within ten (10) days of this Order.

3. Plaintiff's Motion to Substitute Party-Defendant (Dkt. 17) and Motion for Default Against Defendant Shari Mormon as Executor of Estate of Stacey Gonzalez (Dkt. 19) are **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida, on February 27, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party