UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

    Plaintiff,

v.                                         CASE NO. 8:17-cv-1755-T-23JSS

MIDSTATE CONTRACTORS, INC.,
and ROBERT GONZALEZ,

    Defendants.
_____/

## ORDER

The Hillsborough Area Rapid Transit Authority hired Midstate Contractors to renovate the Transit Authority's building in Ybor City. In October 2015, American Contractors bonded Midstate for up to $513,467.93. Under the indemnity agreement (Doc. 25-1), Midstate Contractors and Robert Gonzalez agreed to indemnify American Contractors if a claimant asserted that Midstate failed to perform a contractual duty. (Doc. 25 at ¶ 11–12) Two subcontractors claimed $136,360 in damages from Midstate's failure to pay for goods delivered and services rendered. (Doc. 25 at ¶ 13) Additionally, the indemnity agreement requires Midstate and Gonzalez to reimburse American Contractors for expenses (including an attorney's fee) that result from a claim against the bond. (Doc. 25 at ¶¶ 10–11) Midstate and

Gonzalez failed to indemnify American Contractors for the subcontractors' claims and for American Contractors' expenses. (Doc. 25 at ¶ 14)

On September 27, 2017, the clerk entered defaults (Docs. 12 and 13) against Midstate Contractors and Robert Gonzalez. On March 8, 2018, American Contractors amended (Doc. 24) the complaint, but the amended complaint asserts no new claim against Midstate or Gonzalez. American Contractors moves (Doc. 26) for a default judgment for $159,114.62 against Midstate and Gonzalez.

## DISCUSSION

By defaulting, a defendant admits a well-pleaded fact. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Midstate and Gonzalez admit agreeing and failing to indemnify American Contractors. Stephanie Vreeland, an attorney employed by American Contractors, affirms (Doc. 26-2) that Shore Commercial Services claimed $42,104.32 against the bond and that Carrier claimed $94,255.68 against the bond. American Contractors notified the defendants about the claims, but the defendants neither objected to the claims nor indemnified American Contractors for the claims. Additionally, Vreeland affirms that American Contractors incurred $22,754.62 in an attorney's fee, costs, and expenses from the defendants' failure to indemnify American Contractors.

Because the well-pleaded facts show the defendants' breach of the indemnity agreement and because Vreeland's affidavit establishes American Contractors' damages, the motion (Doc. 26) for a default judgment is **GRANTED**. The clerk is

directed to enter judgment in the amount of $159,114.62 for American Contractors Indemnity Company and against Midstate Contractors, Inc., and Robert Gonzalez, jointly and severally. After entering judgment, the clerk must **CLOSE** the case.

ORDERED in Tampa, Florida, on March 27, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE